# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| VERINT AMERICAS INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: _____ |
| | ) |
| TERMINIX CONSUMER SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant Terminix Consumer Services, LLC ("Terminix"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes the above-styled action from the Superior Court of Fulton County, Georgia (the "State Court"), where it is pending as Case No. 25CV007868 (the "State Court Action"), to the United States District Court for the Northern District of Georgia, Atlanta Division. Federal diversity jurisdiction exists because there is complete diversity of citizenship between Plaintiff Verint Americas Inc. ("Verint" or "Plaintiff") and Terminix, and the amount in controversy exceeds $75,000. In further support of this removal, Terminix states as follows:

1

## PROCEDURAL BACKGROUND

1. Verint commenced this action on June 10, 2025, by filing its original complaint ("Complaint") in the Superior Court of Fulton County, Georgia, which is within the federal district court and division to which this case is removed.

2. On June 20, 2025, Verint moved the State Court for the appointment of a special process server.

3. On June 27, 2025, in response to an inquiry by the State Court regarding whether personal jurisdiction existed over Terminix, Verint submitted a brief regarding personal jurisdiction and filed an amended complaint (the "Amended Complaint") in the State Court Action.

4. The State Court granted Verint's motion for the appointment of a special process server on July 9, 2025.

5. On July 10, 2025, Terminix was served with a copy of the summons, Complaint, and Amended Complaint through service on its registered agent in Delaware.

6. Terminix has not answered or moved for relief in response to the Complaint or Amended Complaint.

## GROUNDS FOR REMOVAL

7. This action is removable because it is a civil action "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

Specifically, this Court has jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Verint and Terminix, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. This removal is timely because it is filed within 30 days of service of process of the Complaint, which occurred on July 10, 2025. 28 U.S.C. § 1446(b).

9. Terminix is the only named defendant in the case. As such, no other defendants' consent is required for removal.

10. All other prerequisites to removal have been satisfied. As required under 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed in the underlying State Court Action are attached as **Exhibit 1**. Copies of all documents served on Terminix are attached **Exhibit 2**. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed contemporaneously in the State Court.

I. **Complete Diversity Exists Between Plaintiff and Terminix**

11. For diversity jurisdiction to apply, no plaintiff can share the same state citizenship as any defendant. 28 U.S.C. § 1332(a)(1).

12. Verint is a corporation organized under the laws of the Delaware with its principal place of business in Alpharetta, Georgia. Am. Compl. ¶ 1. Accordingly, Verint is a resident of Delaware and Georgia for diversity of citizenship purposes. 28 U.S.C. § 1332(c)(1).

13. Terminix is a limited liability company. *See* Declaration of Stephen Carter, ("Carter Decl.") ¶ 3, attached as **Exhibit 3**. Its sole member is Rentokil North America, Inc. ("Rentokil"). Carter Decl., ¶ 3. Rentokil is a Pennsylvania corporation with its principal place of business in Wyomissing, Pennsylvania. Carter Decl., ¶ 3. Accordingly, Terminix, through its sole member, is a resident of Pennsylvania for diversity of citizenship purposes. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding a limited liability company "is a citizen of any state of which a member of the company is a citizen"); *see also Beal Bank USA v. Kelly*, No. 2:13-cv-00045-WCO, 2014 U.S. Dist. LEXIS 191432, at *3 (N.D. Ga. March 11, 2014) ("An LLC's state of formation and principal place of business are irrelevant for diversity determinations.").

14. Because Verint and Terminix are residents of different states (Delaware and Georgia versus Pennsylvania), complete diversity of citizenship exists between the parties in accordance with 28 U.S.C. § 1332(a)(1).

II.     **The Amount in Controversy Exceeds $75,000**

15. Courts may determine the amount in controversy from the face of the complaint. *See Tuscano v. Evening Journal Ass'n.*, 179 F. App'x 621, 625 (11th Cir. 2006) (explaining the amount in controversy requirement was satisfied because the face of the complaint indicated at least $75,000 in damages).

16. In its Amended Complaint, Verint specifically requests, among other damages, compensatory and punitive damages "in excess of $1 million." Am. Compl. at ¶ (e) of the WHEREFORE clause following Paragraph 53; *see also id.* at ¶ 25 (describing demand for damages "over $1 million").

17. Further, this case involves a dispute in which Verint alleges Terminix received certain services – specifically, use of Verint's "Speech Analytics" software from August 2022 to August 2024 – for which Terminix did not pay. On January 28, 2025, as specifically referenced in the Amended Complaint at Paragraph 25, Verint sent Terminix an invoice for Terminix's alleged use of the Speech Analytics software during this timeframe, which "totaled over $1 million." *Id.* at ¶ 25. Verint indicates in the Amended Complaint that this invoice represents the amount allegedly owed by Terminix. *See id.*

18. Although the invoice is not attached to the Amended Complaint, it is integral to the claims made by Verint and therefore may be considered alongside the Amended Complaint in assessing removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 754-56 (11th Cir. 2010) (explaining courts may consider evidence outside of the complaint in determining whether the amount in controversy requirement is satisfied).

19. The invoice Verint sent to Terminix is attached hereto as **Exhibit 4**. According to the invoice, Verint claimed Terminix owed Verint $1,015,275.30.

20.    As a result, based both on the face of the Amended Complaint, as well as the evidence before the Court, the amount in controversy in this case exceeds $75,000. Because there is also diversity of citizenship between parties, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

21.    By filing this Notice, Terminix does not waive any of its defenses, including, but not limited to, lack of personal jurisdiction and any other defenses under Rule 12 of the Federal Rules of Civil Procedure.

22.    All conditions and procedures for removal have been satisfied.

**WHEREFORE**, Defendant Terminix removes this action to the United States District Court for the Northern District of Georgia, Atlanta Division.

                                                                Respectfully Submitted,

*/s/ Brian P. Kappel*
Georgia Bar. No. 916728
LIGHTFOOT, FRANKLIN & WHITE, LLC
400 20th Street North
Birmingham, Alabama 35203
Telephone: (205) 581-0700
Email: bkappel@lightfootlaw.com


Attorney for Defendant Terminix Consumer Services, LLC

## **CERTIFICATION UNDER LOCAL RULE 7.1(D)**

Pursuant to Northern District of Georgia Civil Local Rule 7.1(D), I hereby certify that the foregoing filing is a computer document and was prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1(C).

                    Respectfully Submitted,

                    */s/ Brian P. Kappel*
                    Georgia Bar. No. 916728
                    LIGHTFOOT, FRANKLIN & WHITE, LLC
                    400 20th Street North
                    Birmingham, Alabama 35203
                    Telephone: (205) 581-0700
                    Email: bkappel@lightfootlaw.com

                    Attorney for Defendant Terminix Consumer Services, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2025, I electronically filed the foregoing Notice of Removal with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Jason M. Wenker
> Georgia Bar No. 748169
> KILPATRICK TOWNSEND & STOCKTON LLP
> 1001 West Fourth Street
> Winston-Salem, NC 27101
> (336) 607-7300
> jwenker@ktslaw.com
>
> Joe P. Reynolds
> Georgia Bar No. 358795
> KILPATRICK TOWNSEND & STOCKTON LLP
> 1100 Peachtree Street, Suite 2800
> Atlanta, GA 30309
> (404) 815-6500
> jreynolds@ktslaw.com
>
> D. Richard Self
> North Carolina Bar No. 60087
> KILPATRICK TOWNSEND & STOCKTON LLP
> 4208 Six Forks Road, Suite 1400
> Raleigh, NC 27609
> (919) 420-1700
> rself@ktslaw.com

/s/ *Brian P. Kappel*
Georgia Bar. No. 916728
LIGHTFOOT, FRANKLIN & WHITE, LLC
400 20th Street North
Birmingham, Alabama 35203
Telephone: (205) 581-0700
Email: bkappel@lightfootlaw.com

Attorney for Defendant Terminix Consumer Services, LLC

9